Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**RECEIVED**
FEB 0 2 2023
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

# UNITED STATES DISTRICT COURT
for the
Southern District of Iowa

Central Division

| | |
|---|---|
| Tomika Hindson <br> *Plaintiff(s)* <br> (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) <br> -v- <br> MSCB INC <br> DAVID WADE EDWARDS (AGENT) <br> *Defendant(s)* <br> (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Case No. _____ <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)* ☒ Yes ☐ No |

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | TOMIKA HINDSON |
   | Street Address | P.O. BOX 3754 |
   | City and County | URBANDALE |
   | State and Zip Code | IOWA 50323 |
   | Telephone Number | 9288755124 |
   | E-mail Address | HINDSON.TOMIKA74@YAHOO.COM |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1
- Name: MSCB INC_ DAVID WADE EDWARDS
- Job or Title (if known): AGENT
- Street Address: 1410 INDUSTRIAL PARK ROAD #101
- City and County: PARIS_ HENRY COUNTY
- State and Zip Code: TENNESSEE 38242
- Telephone Number: 8009058067
- E-mail Address (if known):

Defendant No. 2
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 3
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 4
- Name:
- Job or Title (if known):
- Street Address:

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

        City and County  _____
        State and Zip Code  _____
        Telephone Number  _____
        E-mail Address *(if known)*  _____

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

    ☒ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

    28 U.S.C. § 1331
    28 U.S.C. § 1391

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
      The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation
      The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,
      and has its principal place of business in the State of *(name)* _____.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
      The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

   b. If the defendant is a corporation
      The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.
      Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

   The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

   _____

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

COMPLAINT:

1. Violation of Federal Fair Debt Collection Practices Act
2. Defamation of Character
3. Extortion
4. Aggravated Identity Theft

JURY TRIAL REQUESTED

I. PRELIMINARY STATEMENT
1. This an action for damages brought by an individual consumer against the Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Secondly to include Defamation arising from the actions of the Defendant Pursuant to 28 U.S.C. § 4101 arising from the Defendants submiting a statement that Plaintiff disputed the debt when Plaintiff was unaware of debt reporting to the Consumer Reporting Agencies, Futhermore the act or practice of Extortion arising from actions of the Defendant Pursuant to 18 U.S.C. § 875 and lastly Aggravated Identity Theft 18 U.S.C. § 1028A(c)(8) as the Defendant never obtained the ("Plaintiff's") written permission, nor had permissible purpose to obtain the ("Plaintiff's") consumer reports to also add to the complaint that the ("Plaintiff") was never presented with an "Opt-Out" notice in regards to sharing or disclosing the ("Plaintiff") consumer reports.

II. JURISDICTION & VENUE
2. Jurisdiction of this Court arises under a federal question, namely the FDCPA, 15 U.S.C. § 1692k(d) and jurisdiction proper Pursuant to 28 U.S.C. § 1331.
3. The main events giving rise to this action occurred within this district, and the venue is therefore proper Pursuant to 28 U.S.C. § 1391(b).

III. PARTIES
4. Plaintiff, TOMIKA HINDSON ("Plaintiff"), is a natural person residing in the state of Iowa, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).
5. At all relevant times herein, Defendant MSCB, INC. ("DEBT COLLECTOR"), a company engaged, by the use of the mails, phone, and email to be known as electronic communication, was in the business of collecting a debt from Plaintiff which qualifies as a "debt" as defined by 15 U.S.C. § 1692A(5). ("DEBT COLLECTOR") regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).
6. Defendant MSCB, INC. is a third-party debt collection agency as defined under 15 U.S.C. § 1692a(6) located in Paris, Tennessee and is known to purchase a wide variety of overdue consumer medical debts.
7. Defendant MSCB, INC is a Tennessee for profit Corporation that is incorporated in the State of Tennessee and has DAVID WADE EDWARDS listed as the agent located at 1410 Industrial Park Road in the city of Paris, Tennessee 38242.
8. Defendant has several trade or business names listed ARMS (Trading Name), ACCOUNTS RECEIVABLE MANAGEMENT SERVICES (Trading Name) and MSCB NETWORK, INC. is also listed as both a (Trading Name) and as DBA.
9. Defendant MSCB, INC uses the instrumentalities of interstate commerce or the mails in its business for the principal purpose of which is the collection of debts.
10. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants
11. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by each of the other Defendants therefore the above named Defendants and their agents are collectively referred to as Defendants.

12. Plaintiff received a letter dated November 3. 2022 on December 9, 2022 from MSCB, INC trade name of ARMS stating Plaintiff owed an unpaid alleged balance of $7,510.00. The reference number of the letter #2428921 with 25 different alleged accounts, Exhibit #1

13. On or around December 15, 2022 Plaintiff submitted a CFPB Complaint #221216-9959644 and on December 22, 2022 Plaintiff received notification the complaint was closed with a response of "The CFPB referred complaint to the Federal Trade Commission (FTC)".

14. On or around January 15, 2023 Plaintiff followed up with another CFPB Complaint # 230115-10144632 and on February 3, 2023 Plaintiff received the exact same notification of the complaint being closed with a response of "The CFPB referred complaint to the Federal Trade Commission (FTC)".

15. Plaintiff decided to pursue legal actions against the Defendant as several accounts were listed on the Plaintiff's consumer reports twice with each Consumer Reporting Agency which is also a FDCPA Violation Pursuant to 15 U.S.C. § 1692.

16. Defendant actions have nonetheless negatively impacted my character by causing harm to my credit reputation and credit score, caused Plaintiff emotional distress and personal humiliation as the Defendant had already reported the alleged debt to all three Consumer Reporting Agencies without first validating the alleged debt Pursuant to 15 U.S.C. § 1692g(c) "The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer".

17. Furthermore FDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Title 15 U.S.C. sections 1692b to 1692j, inclusive of, and shall be subject to the remedies in section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA.

COUNT I: VIOLATION OF THE FDCPA

18. Plaintiff incorporates all the paragraphs herein.

19. Defendant violated the FDCPA 15 U.S.C § 1692 by:
    a. Conveying information regarding a debt both directly and indirectly to any person through any medium (15 U.S.C. § 1692a(2).
    b. Debt Collector communicating with a person other than the consumer for the purpose of acquiring location information about a consumer may not state that such consumer owes any debt (15 U.S.C. § 1692b(2).
    c. Not use any language or symbol on any envelope or in the contents of any communication affected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt (15 U.S.C. § 1692b(5).
    d. Communicating with the consumer without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place known to be inconvenient to the consumer (15 U.S.C. § 1692c(a)(1).
    e. Harassment or Abuse conduct by the use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader (15 U.S.C. § 1692d(2).
    f. Debt collectors may not use any false, deceptive or misleading representation or mean in connection with the collection of any debt such as stating the false character, amount, or legal status of any debt 15 U.S.C. § 1692e(2)(a).
    g. The use of any false use representation or deceptive means to collect or to attempt to collect any debt or to obtain information concerning a consumer (15 U.S.C. § 1692e(10).
    h. The statement that unless the consumer, within 30 days after receipt of this notice, disputes the validity of this debt, or any portion thereof, the debt will be assumed to be valid by the debt collector (15 U.S.C. § 1692g(a)(3).
    i. A statement that if the consumer notifies the debt collector in writing within the 30 day period that the debt, or portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector (15 U.S.C. § 1692g(a)(4).
    j. A statement that upon consumers' written request within the 30 day period, the debt collector will provide the consumer the name and address of the original creditor, if different from the current creditor (15 U.S.C. § 1692g(a)(5).

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

k. A debt collector who fails to comply with any provision of the FDCPA is liable for any actual damages sustained as a result of that failure, punitive damages as allowed by the court in an individual action, up to $1,000.00 (15 U.S.C. § 1692k(a)(1)(2)(A).
l. The consumer has one year from the date on which the violation occurred to start such as action (15 U.S.C. § 1692k(d).
m. To the extent that Defendant's actions, counted above, violated the FDCPA, as those actions were done knowingly and willfully.

COUNT II: DEFAMATION OF CHARACTER
20. Defendants actions of making false statements while trying to collect a debt (28 U.S.C. § 4101).

COUNT III: EXTORTION
21. Defendants actions of will intent to extort and or intimidating the Plaintiff to pay money by transmitting through instrumentalities of interstate commerce that the Plaintiff owes the Defendants money in the sum of $7,510.00 (15 U.S.C. § 875).

COUNT IV: AGGRAVATED IDENTITY THEFT
22. Defendants used the Plaintiffs identity Name, Social Security Number, and or Date Of Birth to obtain a copy of my consumer reports without the Plaintiffs written or verbal permission and without any permissible purpose Pursuant to Title 18 U.S.C. § 1028A(c)(8) section 523 of the Gramm-Leach-Bliley Act, Title 15 U.S.C. § 6823 in order to report an alleged debt to all Consumer Reporting Agencies.

IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Wherefore, Plaintiff asks the Court to enter judgment in favor of Plaintiff against Defendant for:

1. Actual damages;
2. Statutory damages;
3. Punitive damages;
4. To include such other relief as the Court deems proper.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: February 9, 2023

Signature of Plaintiff: *Tomika Hindson "Pro Se"*

Printed Name of Plaintiff: Tomika Hindson "Pro Se"

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Street Address: _____
State and Zip Code: _____
Telephone Number: _____
E-mail Address: _____